Zhang v. Sessions

BIA
Balasquide, IJ
A087 857 725

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand seventeen.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

XUIFANG ZHANG,
> *Petitioner,*

> v.                                      16-2697
>                                         NAC

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          John Chang, New York, NY.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Melissa
                         Neiman-Kelting, Assistant Director;
                         Anthony J. Messuri, Trial Attorney,
                         Office of Immigration Litigation,
                         U.S. Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xuifang Zhang, a native and citizen of the People's Republic of China, seeks review of a July 11, 2016, decision of the BIA that affirmed a May 15, 2015, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The BIA also declined to remand the case to the IJ. *In re Xuifang Zhang,* No. A087 857 725 (B.I.A. July 11, 2016), *aff'g* No. A087 857 725 (Immig. Ct. N.Y. City May 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). In this case, the agency made the following two (alternate) findings to deny Zhang's application for asylum, withholding of removal, and CAT relief: (1) she was not credible based on inconsistencies in her evidence; and (2) she failed to demonstrate a well-founded fear of persecution on account of her religious practice. In addition, on appeal, the BIA denied what it construed as a motion

2

to remand, finding that Zhang failed to submit previously unavailable evidence in support of such motion. As the Government argues, Zhang, through counsel, does not challenge the agency's dispositive bases for denying her application for relief or her motion to remand.

A petitioner's brief to this Court must contain her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the [petitioner] relies." Fed. R. App. P. 28(a)(8)(A). "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal," *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005), in the absence of manifest injustice, *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n.8 (2d Cir. 2002). Because Zhang fails to challenge the agency's dispositive findings—the adverse credibility determination and conclusion that remand was not warranted absent new evidence—we deem any such arguments waived. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

No manifest injustice results from denying Zhang's petition on waiver grounds. The agency reasonably relied on multiple record inconsistencies to find Zhang not credible, which was dispositive of all claims for relief, *see* 8 U.S.C.

3

§ 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006), and Zhang did not submit any evidence before the BIA as required to support a motion to remand based on new evidence, *see Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk